UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN CLOSSON, an individual;<br>CHARLES R. CLOSSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON f/k/a<br>THE BANK OF NEW YORK SUCCESSOR<br>TRUSTEE TO JPMORGAN CHASE BANK,<br>N.A., as Trustee for THE BEAR STEARNS<br>ARM TRUST, MORTGAGE PASS-<br>THROUGH CERTIFICATES, SERIES 2003-7;<br>NATIONAL DEFAULT SERVICING<br>CORPORATION, DOES 1 through 10 and ROE<br>BUSINESS ENTITIES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02596-JCM-EJY<br><br>**ORDER** |

Presently before the court is defendant The Bank of New York Mellon's ("The Bank of New York") motion to dismiss plaintiff Susan and Charles R. Closson's ("the Clossons") complaint pursuant to Rule 12(b)(6). (ECF No. 9). Plaintiffs filed a response (ECF No. 13), to which The Bank of New York replied. (ECF No. 14).

**I.     Background**

For the purpose of this motion the court accepts the following facts as true. Plaintiffs are the owners of real property located at 5450 Manteca Circle, Las Vegas, Nevada. (ECF No. 8 ¶ 5). On August 13, 2003, plaintiffs executed a promissory note in favor of Country Wide Home Loans, Inc., which was secured by a deed of trust recorded on August 19, 2003. (*Id*. ¶ 11).

Plaintiffs became delinquent on the loan in December 2008. (*Id*. ¶ 15). On January 16, 2009, the lender issued a Notice of Intent to Accelerate, advising plaintiffs that the entire unpaid balance would become due if the default was not cured. (*Id*. ¶ 16). Plaintiffs allege that the default was not cured and that the loan was accelerated. (*Id*. ¶ 19). A Notice of Default and Election to sell under Deed of Trust was subsequently recorded on September 26, 2013. (*Id*. ¶ 26).

Plaintiffs contend that the loan has remained accelerated for more than ten years and therefore that the deed of trust has been extinguished pursuant to NRS 106.240.[1] (*Id*. ¶ 27). Defendant disputes that contention and argues that the deed of trust expressly provides for a maturity date of September 1, 2033. (ECF No. 9).

Previously, on December 9, 2020, plaintiffs filed a prior action against The Bank of New York, case no. 2:20-cv-02229-APG-DJA, in the United States District Court for the District of Nevada. In that action, plaintiffs sought relief based on the contention that the deed of trust had been extinguished pursuant to NRS 106.240. The Bank of New York moved to dismiss, and plaintiffs subsequently amended the complaint. After considering the parties' arguments, Judge Andrew P. Gordon dismissed the action with prejudice on August 20, 2021, and judgment was entered accordingly.

The Clossons filed the instant case on December 26, 2025, against The Bank of New York, asserting claims for declaratory relief under NRS 106.240. (ECF No. 9). They amended the complaint on February 27, 2026. (ECF No. 8).

Defendant moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(a) and the doctrine of res judicata.

## II.    Legal Standard

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded

---

[1] NRS 106.240 governs extinguishment of lien created by mortgage or deed of trust upon real property.

factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## III. Discussion

### A. Res Judicata

The doctrine of res judicata bars relitigating claims and issues that have, were, or could have been raised in a prior action. *McClain v. Apodaca,* 793 F.2d 1031,1033 (9th Cir. 1986). The doctrine is rooted in principles of judicial efficiency, finality, and fairness. *Dodd v. Hood River Cty.*, 136 F.3d 1219 (9th Cir. 1998).

In Nevada, res judicata encompasses two distinct but related concepts: claim preclusion and issue preclusion. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048 (2008). As articulated by the Ninth Circuit Court of Appeals, there are three elements of a successful res judicata defense: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011).

*1. Identity of Claims*

Four criteria are evaluated to determine whether the claims are identical: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id*. at 1150–51. The fourth criterion is the most important. *Cent. Delta Water Agency*, 306 F.3d at 952 (9th Cir. 2002).

The court first considers whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action. Plaintiffs argue that the prior case did not decide the exact issue here because Judge Gordon did not specifically decide or comment on this specific issue of whether the acceleration letter could accelerate the loan. Defendant responds that plaintiffs' current claims still arise from the same deed of trust, loan, and foreclosure-related dispute that was at issue in the 2020 action. The court agrees with defendant.

Although plaintiffs frame the present action as involving a different issue, claim preclusion does not require that the prior court have contemplated and decided every specific argument raised in the instant case. Rather, the relevant question is whether the two actions arise from the same transactional nucleus of facts and whether allowing this action to proceed would impair rights or interest established in the prior judgment. *United States v. Liquidators of European Fed. Credit Bank*, at 1150.

In the 2020 action, court rejected plaintiffs' contention that The Bank of New York's deed of trust had been extinguished under NRS 106.240 and dismissed plaintiff's claims with prejudice. Here, plaintiffs again seek a declaration that the same deed of trust is unenforceable, and that lien has been extinguished. (*See* ECF No. 8). Permitting this action to proceed would undermine the finality of the prior judgment and impair The Bank of New York's interest in the deed of trust.

The court next considers whether substantially the same evidence is presented in the two actions. Plaintiffs argue that the evidence differs from the prior action because this case concerns an allegedly still operative notice of default and a ten-year period that allegedly did not expire until 2023. Conversely, defendant argues that the same evidence is present in both case: the same

property, same loan, same notice of default, and same correspondence.  Although plaintiffs identify two factual differences, the evidence underlying the actions is substantially the same.  (*See* ECF No. 8 ¶¶ 13–15).

Next, the court considers whether the two suits involve infringement of the same right.  Plaintiffs argue that the right is different here because they claim this case is based on a currently unrescinded notice of default, not the rescinded notice in the prior case.  Conversely, defendant argues that both suits involve plaintiffs' claimed right to quiet title/declaratory relief because the deed of trust is allegedly unenforceable.  Both actions challenge defendant's interest in the property and seek substantially the same relief.

Finally, the court considers whether the two suits arise out of the same transactional nucleus of facts.  Plaintiffs argue that the cases are different because the prior case was dismissed based on rescission, while this case involves no rescission, and the limitations period allegedly expired after disposition of case.  Conversely, defendants argue that both cases arose from the same transaction: the same deed of trust, same real property, same loan acceleration, same default/foreclosure history.  The court agrees with defendant.  Despite the factual distinctions identified by plaintiffs, both actions arise from the same transactional nucleus of facts. (*See* ECF No. 9 at 9).

Considering the foregoing, the court finds that the identity of claims element is satisfied because the present action and the prior action arise from the same transactional nucleus of facts, substantially the same evidence is implicated in both actions, the suits involve the same alleged rights and interests, and both actions concern infringement of the same asserted right.  Accordingly, the first element of claim preclusion is met.

*2.  Final Judgement on the Merits*

With respect to the second element requiring that there be a final judgment on the merits, plaintiffs acknowledge that the 2020 action was dismissed with prejudice.  However, they argue that the prior action addressed only the effect of the notice of rescission, and did not determine the legal effect of the Notice of Intent to Accelerate or the alleged acceleration of the loan.  Plaintiffs' argument is misplaced.  Whether the prior dismissal concerned the notice of default rather than the acceleration letter pertains, if at all, to the identity of claims inquiry, not on whether the prior action

resulted in a final judgment on the merits.  Accordingly, this court finds that the 2020 dismissal with prejudice was a final judgment on the merits.  *See Closson v. Bank of N.Y. Mellon*, No. 2:20-cv-02229-APG-DJA, 2021 U.S. Dist. LEXIS 158662, *9 (D. Nev. Aug. 20, 2021).

        *3.  Privity*

Lastly, with respect to the third requirement of res judicata, the parties do not dispute that there is privity between the parties.  (ECF No. 13 at 9); (ECF No. 14 at 8).  Accordingly, the third element of claim preclusion is satisfied.

Because the court finds that all three elements of claim preclusion are satisfied, plaintiffs are precluded from relitigating claims that arise from the same transactional nucleus of facts and that were, or could have been, raised in the prior action.  Accordingly, plaintiffs' claims are barred by res judicata.

**IV.     Conclusion**

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that The Bank of New York Mellon's motion to dismiss (ECF No. 9) be, and the same hereby is, **GRANTED**, with prejudice.

**IT IS FURTHER ORDERED** that The Bank of New York Mellon's motion to dismiss (ECF No. 4) be, and the same hereby is, **DENIED** as moot.

DATED June 15, 2026.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

- 6 -